# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN, | 1:05 CV 0697 AWI DLB P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| GEORGE GALAZA, et al., | |
| Defendants. | |

**A. INTRODUCTION**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint filed on June 1, 2005.

**B. SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners when they are seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(A). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
2 which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in
3 support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
4 467 U.S. 69, 79 (1984), citing, Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
5 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  Reviewing under this
6 standard, the Court must accept Plaintiff's allegations in his complaint are true.  Hospital Bldg.
7 Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976).  The Court must also construe the
8 complaint in light most favorable to the Plaintiff, and resolve all doubts in the Plaintiff's favor.
9 Jankins v. McKeithen, 395 U.S. 411, 421 (1969).

10 **C. PLAINTIFF'S ALLEGATIONS**

11    Plaintiff brings an action against several prisoner officials: Gazala, Salvia, Walker,
12 Braswell, Banks, Martinez, Mendoza, Berna, Ramirez, Ortiz, Brown, Yates, Marshall, Zavala,
13 Gomez, Castillo, Emerson, Steeler, Melching, Hoffman, Voyel, Dill, and Prida.  Plaintiff alleges
14 that on March 20, 2000 he was placed in a strip cell by prisoner officials for ten days.  While
15 Plaintiff was in the strip cell, defendants' withheld his clothing, bedding, mail, legal books,
16 transcripts, magazines, access to showers, and access to personal hygiene products.  Plaintiff
17 alleges that defendants' failure to provide sanitation, personal hygiene, and clothing constitutes a
18 violation of his Eighth Amendment right to be free from cruel and unusual punishment.

19    Additionally, Plaintiff contends that while he was in the strip cell, he had two cases
20 pending, both civil and criminal.  Plaintiff alleges that defendants' withheld his legal mail and
21 transcripts, thus interfering with Plaintiff's right of court access in his pending cases, and causing
22 him to lose both cases.

23    Plaintiff claims on April 13, 2000, after his confinement in the strip cell, defendants' did
24 not return his legal transcripts, mail, and personal hygiene products.  Plaintiff requested that
25 defendants' turn over the missing items at an unspecified date.  On April 28, 2000, Plaintiff
26 alleges defendant Ramirez denied his request for return of the missing items.  Plaintiff contends
27 that denial of legal transcripts, mail, and personal hygiene products interfered with him obtaining
28 access to appeal his cases to the Ninth Circuit.

Plaintiff also alleges that at some time between 2000-2003, defendants' retaliated against him by conducting searches in his cell. During those searches, Plaintiff contends that defendants' destroyed his legal transcripts and withheld his legal mail. Furthermore, Plaintiff claims he had obtained attorney Linda Starr to legally represent him in his cases. Plaintiff alleges that Linda Starr asked him to provide transcripts, however, Plaintiff could not provide the transcripts because the transcripts were destroyed. Plaintiff contends that because he could not provide transcripts, this interfered with Linda Starr's legal representation.

**D. ANALYSIS**

**1. Section 1983 Linkage Requirement and Federal Rule of Civil Procedure 8(a)**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an affirmative link or connection between the actions of the defendant and the plaintiff's alleged deprivation. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro 8(a). Rule 8(a) expresses the notion of notice-pleading, whereby the pleader is only required to give the opposing party fair notice of a claim. Conley, 355 U.S. at 45-46. Thus, Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

Plaintiff's complaint is not in compliance with section 1983 linkage requirements or Rule 8(a) because it does not separate each of the Plaintiff's claims against each defendant, and does

not consist of a short and plain statement of Plaintiff's claims.  First, section 1983 requires Plaintiff to demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege how each individually named defendant is involved.  Instead, Plaintiff lists a bundle of defendants' throughout his complaint, and fails to explain how each defendant is connected with Plaintiff's harm.  Second, Plaintiff's claim does not plainly lay out all of his claims in a organized order as required under Rule 8(a).  Rather, Plaintiff unnecessarily repeats his claims, and does not concisely separate each claim against each defendant.

The Court will provide Plaintiff with an opportunity to file an amended complaint curing these deficiencies.  It is ultimately Plaintiff's duty, not the Court's, to set forth his claims with sufficient clarity that the Court and defendants' are on notice as to which claims are being pursued in this action.  In amending the complaint, Plaintiff is informed that his complaint should not be lengthy, overly detailed, and repetitive.  Instead, Plaintiff should only set forth enough facts, so that each defendant is on notice as to what he or she did or did not do to Plaintiff.

In the sections that follow, the Plaintiff is provided with legal standards that are applicable to the claims that he appears to allege.  Because Plaintiff has numerous claims against many persons, he should carefully review each legal standard below.  After Plaintiff careful reviews each legal standard, he should only include those claims that he believes would give rise to a cognizable claim under section 1983.  In Plaintiff's amended complaint, he should separate each or a group of the defendants' acts or omissions to each claim.

**2. Eighth Amendment condition of confinement claims**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with

"deliberate indifference to a substantial risk of serious harm." <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." <u>Farmer</u>, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. <u>Id</u>. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. <u>Id</u>. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. <u>Id</u>. at 835.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." <u>Id</u>. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." <u>Id</u>. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." <u>Id</u>. (quotations and citations omitted).

The Ninth Circuit has held that "subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1314 (9th Cir. 1995); <u>see also</u> <u>Johnson v. Lewis</u>, 217 F. 3d 726, 731 (9th Cir. 2000); <u>Hoptowit v. Spellman</u>, 753 F.2d 779, 783 (9th Cir 1985). Also, "indigent inmates have the right to personal hygiene supplies such as toothbrushes

5

1  and soap." Keenan v. Fall, 83 F.3d 1083, 1091 (9th Cir. 1996), amended by 135 F. 3d 1318 (9th
2  Cir. 1998). Finally, "the denial of adequate clothing can inflict pain under the Eighth
3  Amendment." Walker v. Sumner, 14 F.3d 1415, 1421 (9th Cir. 1994) (citing Hoptowit, 682 F.2d
4  at 1246).
5       In this instant case, Plaintiff alleges that defendants' withheld his clothing bedding, mail,
6  legal books, transcripts, magazines, access to showers, and access personal hygiene products. It
7  appears Plaintiff may have an Eighth Amendment condition of confinement claim because he
8  was denied sanitation, personal hygiene products, and clothing. However, Plaintiff does not
9  specify whether defendants' knew Plaintiff faced a substantial risk of harm, and if defendants'
10 did or did not take reasonable measures to abate the harm. Also, Plaintiff does not connect or
11 state how each individual defendant is involved with the alleged conduct. Rather, Plaintiff
12 contends many defendants' withheld a number of items, which constituted a violation of the
13 Eighth Amendment.
14      **3. Access to Court claims**
15      Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S.
16 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate
17 wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights
18 actions. Id. at 354. The right of access to the courts is only a right to bring complaints to the
19 federal court and not a right to discover such claims or to litigate them effectively once filed with
20 a court. See Lewis, 518 U.S. at 354-55; Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999).
21
22      To establish a violation of the right of access to the courts, a prisoner must establish that
23 he or she has suffered an actual injury. See Lewis, 518 U.S. at 349; Madrid, 190 F.3d at 996. An
24 "actual injury" is "'actual prejudice with respect to contemplated or existing litigation, such as
25 the inability to meet a filing deadline or to present a claim.'" Lewis, 518 U.S. at 348; see also
26 Madrid, 190 F. 3d at 996; Keenan, 83 F.3d at 1094; Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir.
27 1994); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989) (per curiam). Delays in providing
28 legal materials or assistance that result in actual injury are "not of constitutional significance" if

1  "they are the product of prison regulations reasonably related to legitimate penological interests."
2  Lewis, 518 U.S. at 362.
3       Plaintiff contends that his right to court access was violated because defendant Ramirez
4  withheld his legal mail and transcripts.  Withholding legal mail and transcripts are not an actual
5  injury and does not violate the right to court access.  Furthermore, delays and denials in
6  providing legal materials resulting in an actual injury do not violate the right to court access.
7  Denials of filing a claim or meeting a court deadline only constitutes a violation of access to the
8  court.  Thus, Plaintiff's contention that he did not have access to the Court and Court of Appeals
9  because his legal mail and transcripts were withheld is not a violation of his right to court access.

**4. Retaliation claim**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Borjorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th cir. 1995).  To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose.  See Barnett v. Centoni, 31 F.3d 818, 816 (9th Cir. 1994); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

A Plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and Plaintiff's protected activity (i.e., filing a claim).  McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274 (1977).  The prisoner must submit evidence, either direct or circumstantial to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. Pratt, 65 F.3d at 806.  Timing of the events surrounding the alleged retaliatory intent.  See Pratt 65 F.3d at 808; Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

It appears to the Court that Plaintiff may be able to state a claim for relief against defendants' for retaliating against him, in violation of his constitutional right to bring a claim. Plaintiff may have a claim because simultaneously when his cases were pending, defendants' destroyed Plaintiff's legal mail and transcripts.  However, in this instant case, Plaintiff has failed

to state a cognizable claim because he has not alleged facts linking each defendant to an adverse action or omission that was undertaken *because of* Plaintiff's exercise of a First Amendment protected right or right to petition against the government.  Rather, Plaintiff contends many defendants' withheld his legal mail and destroyed his transcripts some time between 2000-2003 while his cases were pending.  The complaint must contain some facts supporting a claim that defendants acted as they did because of Plaintiff's engagement in protected activities (e.g., that they knew of Plaintiff's engagement in protected activities and retaliated against him because of that engagement in the protected activities).

### 5. Due Process Clause of the Fourteenth Amendment claim

Plaintiff alleges that his personal property was destroyed.  The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process clause, see Hudsen v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." Hudson, 468 U.S. at 533.

Plaintiff contends that defendants' have confiscated and destroyed his legal mail and transcripts and that this is a deprivation of property under the Due Process clause of the Fourteenth Amendment.  However, Plaintiff has not alleged sufficient facts for the court to determine whether the deprivation was authorized or unauthorized action.  Furthermore, in the event that the destruction was authorized, Plaintiff will not be able to allege any facts suggesting that he was deprived of due process.  Thus, as long as Plaintiff was provided with process, prison officials may deprive him of his property.

### E. CONCLUSION

The court finds it necessary to dismiss the complaint in its entirety for failure to comply

with the linkage requirements in section 1983 and failure to comply with rule 8(a). The Court has provided legal standards that appear to be applicable to Plaintiff's claims and will provide Plaintiff with an opportunity to amend the deficiencies of this complaint. In drafting the amended complaint, Plaintiff is cautioned that it is his responsibility to organize the complaint so that defendants and the Court can readily ascertain what claims Plaintiff is pursuing against which defendants.

Plaintiff is advised that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, as an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEARBY ORDERED that:

    1. Plaintiff's complaint is dismissed with leave to amend; and

    2. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint;

    3. The failure to file an amended complaint that complies with this order may result in an order striking the amended complaint from the record; and

    4. The failure to file an amended complaint will result in a recommendation that this action be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   September 19, 2006                  /s/ Dennis L. Beck
3c0hj8                                 UNITED STATES MAGISTRATE JUDGE