UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN, | 1:05-cv-00697-AWI-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS AMENDED COMPLAINT |
| v. | WITHOUT LEAVE TO AMEND |
| GEORGE GALAZA, et al., | (Doc. 19) |
| Defendants. | |

I.  Findings

   A.   Procedural History

   Plaintiff, Dale Owen Dustin, (hereinafter "plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint, filed on May 10, 2007.

   B.   Screening Requirement

   The court is required to screen complaints brought by prisoners when they are seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(A). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1  appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
3  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
4  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
5  467 U.S. 69, 79 (1984), citing, Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
6  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  Reviewing under this
7  standard, the court must accept plaintiff's allegations in his complaint are true.  Hospital Bldg.
8  Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the
9  complaint in light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
10  Jankins v. McKeithen, 395 U.S. 411, 421 (1969).

11       C.    Plaintiff's Amended Complaint

12       The court takes the facts from plaintiff's amended complaint as best it can.  Because it is
13  fourteen, mostly illegible, handwritten pages (lacking indenting of paragraphs and spacing
14  between words and lines); and mixes and repeats relevant and irrelevant facts and legal argument
15  in a confusing way, the court is not sure that it has correctly understood all the averments.  If any
16  averments have not been correctly construed, plaintiff has only himself to blame.

17       Plaintiff names the following defendants in his amended complaint: Gazala, Ortiz,
18  Cordone, Yates, Stockman, Marshall, L. Meeronny, L. Hoffman, B. Streeter, V. Castillo,
19  Emerson, Ramirez, S. Ramirez, Martinez, Silva, Vogel, Sumata, A.A. Walker, Ortiz, Dill, N.
20  Zavala, Yale, R.W. Banks, J. Mendoza, M.F. Martinez, D. Berna, F. Braswell, Gonzales, F. A.
21  Brown, Gonzales, Ramirez, Gomez, Leamon, and Mears.

22       Plaintiff appears to allege that on March 20, 2000 he was placed on a stripped cell status.
23  While Plaintiff was in the strip cell, he was denied his clothing, bedding, mail, legal books,
24  transcripts, magazines, access to showers, and access to personal hygiene products.

25       Additionally, plaintiff appears to allege that denial of legal mail and transcripts interfered
26  with his right of court access in his pending cases, and causing him to lose two cases.

27       Plaintiff claims on April 13, 2000 and apparently also in 2001, he was given back most of
28  his property except his address book.

Plaintiff also appears to allege that for approximately three years, defendants retaliated against him by conducting searches in his cell. During those searches, plaintiff contends that defendants destroyed his legal transcripts, withheld his legal mail, and interfered with his access to legal publications. Furthermore, plaintiff alleges Linda Starr had agreed to represent him in his cases and asked him to provide transcripts. However, plaintiff could not provide the transcripts because they were destroyed. Plaintiff contends that because he could not provide transcripts, this interfered with Linda Starr's legal representation.

II.     Analysis

   A. Section 1983 Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an affirmative link or connection between the actions of the defendant and the plaintiff's alleged deprivation. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

First, section 1983 requires plaintiff to demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege how each individually named defendant is involved. As best as the court can tell, plaintiff lists groups of defendants and fails to explain how each defendant is connected with plaintiff's harm. Additionally, plaintiff names multiple defendants with the same surnames – two with "Gonzales," two with "Martinez," and three with "Ramirez." Simply stating any of these three surnames within the allegations of fact, without distinguishing which defendant with that surname the allegation attaches to, does not meet the

affirmative link or connection requirement. Plaintiff failed to distinguish which allegations he was making against which defendant(s).

Plaintiff's complaint is not in compliance with section 1983 linkage requirements, as it does not distinguish each of the plaintiff's claims and factual allegations amongst the defendants.

B. <u>Illegibility and Failure to Comply with Rule 8</u>

Plaintiff's amended complaint is, at best, difficult to read, and in places completely illegible – due to the plaintiff's small handwriting, lack of letter formation, lack of spacing, lack of indenting, and failure to separate/distinguish his claims. Plaintiff's handwriting and spacing has been addressed in a prior proceeding before this very court. (See case no.1:03-cv-5626-AWI-LJO (PC), Doc. 10.)[1] The court is cognizant that plaintiff's prior case in this court, was dismissed for failure to comply with Rule 8(a) – despite three opportunities to amend. Thus, at the time of filing the amended complaint at issue herein, plaintiff had knowledge that illegible handwriting and lack of spacing was unacceptable and did not comply with Rule 8(a).

The court acknowledges that plaintiff has arthritis and writing is difficult for him. (See case no.1:03-cv-5626-AWI-LJO (PC), Doc. 41.) However, there is no indication that plaintiff is incapable of making his letters larger, indenting paragraphs, and using more generous spacing (between words, between lines on the page, and between paragraphs) – all of which would result in a more legible document.

Further, plaintiff's second amended complaint once again fails to comply with Rule 8, which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and mandates that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Rule 8(a) expresses the notion of notice-pleading, whereby the pleader is only required to give the opposing party fair notice of a claim. <u>Conley</u>, 355 U.S. at 45-46. Thus, Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Id.</u> at 47. Plaintiff was

---

[1] The court takes judicial notice of all documents in case no. 1:03-cv-AWI-LJO (PC). <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir.), <u>cert. denied</u>, 454 U.S. 1126 (1981).

4

previously cautioned that factual allegations against repetitious groups of defendants does not meet the specificity requirements. As written, the court does not see means for any of the named defendants to decipher which allegations in the amended complaint plaintiff is making against whom.

Plaintiff's amended complaint also does not plainly lay out all of his claims in a organized fashion as required under Rule 8(a). Rather, plaintiff appears to unnecessarily repeat his claims, and does not concisely separate each claim amongst the defendants. Plaintiff's complaint is not in compliance with section 1983 linkage requirements or Rule 8(a) because it does not separate each of the plaintiff's claims and factual allegations against each defendant, and does not consist of a short and plain statement of plaintiff's claims. The court notes that plaintiff's original complaint in this case was in different, legible handwriting. The court further notes that the screening order gave plaintiff directions for complying with Rule 8 and guidance for stating cognizable claim(s). In addition to failing to comply with Rule 8, as best as the court can decipher, plaintiff's amended complaint fails to cure the deficiencies identified by the court in its screening order of September 19, 2006.

### C. Eighth Amendment – Conditions of Confinement

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second,

1    the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . .
2    . ." Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth
3    Amendment for denying humane conditions of confinement only if he knows that inmates face a
4    substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.
5    Id. at 837-45.  Prison officials may avoid liability by presenting evidence that they lacked
6    knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to
7    the risk.  Id. at 844-45.  Mere negligence on the part of the prison official is not sufficient to
8    establish liability, but rather, the official's conduct must have been wanton.  Id. at 835.

9    "What is necessary to show sufficient harm for purposes of the Cruel and Unusual
10   Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8
11   (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and
12   responsive to contemporary standards of decency."  Id. at 8 (quotations and citations omitted).
13   "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-
14   confinement claim."  Id. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause
15   routine discomfort is part of the penalty that criminal offenders pay for their offenses against
16   society, only those deprivations denying the minimal civilized measure of life's necessities are
17   sufficiently grave to form the basis of an Eighth Amendment violation."  Id. (quotations and
18   citations omitted).

19   The Ninth Circuit has held that "subjection of a prisoner to lack of sanitation that is
20   severe or prolonged can constitute an infliction of pain within the meaning of the Eighth
21   Amendment." Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995); see also Johnson
22   v. Lewis, 217 F. 3d 726, 731 (9th Cir. 2000); Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir
23   1985).  Also, "indigent inmates have the right to personal hygiene supplies such as toothbrushes
24   and soap." Keenan v. Fall, 83 F.3d 1083, 1091 (9th Cir. 1996), amended by 135 F. 3d 1318 (9th
25   Cir. 1998).  Finally, "the denial of adequate clothing can inflict pain under the Eighth
26   Amendment." Walker v. Sumner, 14 F.3d 1415, 1421 (9th Cir. 1994) (citing Hoptowit, 682 F.2d
27   at 1246).
28   In this instant case, plaintiff appears to allege that defendants withheld his clothing

6

bedding, mail, legal books, transcripts, magazines, access to showers, and access personal hygiene products. The court is unable to decipher whether plaintiff has specified if defendants knew plaintiff faced a substantial risk of harm, and if defendants did or did not take reasonable measures to abate the harm.  Also, plaintiff does not connect or state how each individual defendant is involved with the alleged conduct.  Plaintiff appears to merely contend that many defendants withheld a number of items.  Thus, the amended complaint fails to state a claim for violation of his rights under the Eighth Amendment.

### D. Access to Court

Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354.  The right of access to the courts is only a right to bring complaints to the federal court and not a right to discover such claims or to litigate them effectively once filed with a court.  See Lewis, 518 U.S. at 354-55; Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999).

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury.  See Lewis, 518 U.S. at 349; Madrid, 190 F.3d at 996.  An "actual injury" is "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'"  Lewis, 518 U.S. at 348; see also Madrid, 190 F. 3d at 996; Keenan, 83 F.3d at 1094; Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989) (per curiam).  Delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." Lewis, 518 U.S. at 362.

Plaintiff contends that his right to court access was violated because defendants withheld his legal mail and transcripts.  Withholding legal mail and transcripts is not an actual injury and does not violate the right to court access.  Furthermore, delays and denials in providing legal materials resulting in an actual injury do not violate the right to court access.  Only denials of filing a claim, or meeting a court deadline, constitute a violation of access to the court.  Thus,

plaintiff's contention that he did not have access to this Court and Court of Appeals because his legal mail and transcripts were withheld is not a violation of his right to court access.

E.     Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Borjorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th cir. 1995). To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. See Barnett v. Centoni, 31 F.3d 818, 816 (9th Cir. 1994); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a claim). McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. Pratt, 65 F.3d at 806. Timing of the events surrounding the alleged retaliatory intent. See Pratt 65 F.3d at 808; Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

In the instant case, plaintiff has failed to state a cognizable claim because the court is unable to decipher alleged facts linking each defendant to an adverse action or omission that was undertaken *because of* plaintiff's exercise of a First Amendment protected right or right to petition against the government. Rather, plaintiff once again appears to contend many defendants' withheld his legal mail and destroyed his transcripts some time between 2000-2003. The amended complaint does not appear to contain facts supporting a claim that defendants acted because of plaintiff's engaging in protected activities. Thus, plaintiff has failed to state a claim for retaliation.

F.     Due Process Clause of the Fourteenth Amendment

Plaintiff apparently alleges that his personal property was destroyed and/or taken. The Due Process Clause protects prisoners from being deprived of property without due process of

law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process clause, see Hudsen v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." Hudson, 468 U.S. at 533.

Plaintiff appears to contend that defendants' have confiscated and destroyed his legal mail and transcripts and that this is a deprivation of property under the Due Process clause of the Fourteenth Amendment. However, plaintiff once again has not alleged sufficient facts for the court to determine whether the deprivation was authorized or unauthorized action. Furthermore, in the event that the destruction was authorized, plaintiff will not be able to allege any facts suggesting that he was deprived of due process. As long as plaintiff was provided with process, prison officials may deprive him of his property. Thus, plaintiff has failed to state a claim for violation of his rights under the Due Process clause of the Fourteenth Amendment.

G.   Failure To Comply

On September 19, 2006, the court issued an order dismissing plaintiff's complaint for failure to comply with the linkage requirements in section 1983 and Rule 8(a) and requiring plaintiff to file an amended complaint within thirty days. On November 20, 2006, findings and recommendations were served on plaintiff recommending the court dismiss this action for plaintiff's failure to file an amended complaint – to which plaintiff objected, indicating he required a copy of his original complaint. On February 10, 2007, the court ordered a courtesy copy of plaintiff's original complaint be provided to plaintiff and granted plaintiff thirty days in which to file an amended complaint. Subsequently, plaintiff requested three extensions of time within which to file his amended complaint. Two extensions were granted, and plaintiff filed his amended complaint, on May 10, 2007, before the third was granted nunc pro tunc. For the reasons stated above, the court finds that plaintiff's amended complaint failed to cure the defects

identified in the September 19, 2006 order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions. . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829,831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258,1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53. In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal as this case has been pending since 2005. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. As to the

fifth factor, while the alternative to allow plaintiff to file a second amended complaint is available.  However, in light of plaintiff's history of filings in this court, such alternative would be futile as it appears plaintiff is neither able to state a cognizable claim, or do to so in legible/decipherable fashion.

III.    Conclusion

The court finds that plaintiff has failed to state a claim against any of the named defendants.  The court further finds that plaintiff's amended complaint is illegible and fails to comply with Rule 8(a).  Accordingly, it is HEREBY RECOMMENDED that this entire action be dismissed without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).

Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 5, 2008**              /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE